IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ASHLEY WILCOX PAGE,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | CIVIL ACTION NO. |
| v.    ) | 2:16cv902-MHT |
| ) | (WO) |
| TODD L. HICKS, NNA, CRNA, et    ) | |
| al.,    ) | |
| ) | |
| Defendants.    ) | |

OPINION AND ORDER

Plaintiff Ashley Wilcox Page, a student enrolled at the University of Alabama at Birmingham School of Nursing Anesthesia program, brought this lawsuit in the Circuit Court of Montgomery County, Alabama against four defendants--the University of Alabama at Birmingham, as well as an administrator and two professors at the university--asserting two federal claims that they improperly dismissed her from the program in violation of her Fourteenth Amendment due process rights and 42 U.S.C. § 1983.  Page also brought three state-law claims that each individual defendant acted negligently leading

up to her dismissal.  The defendants then removed the action to the Middle District of Alabama.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

This matter is before the court on the defendants' motion to transfer venue to the Northern District of Alabama.  In their motion, the defendants argue that the case should be transferred because it would promote the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404.  For reasons that will be explained, the defendants' motion will be granted.

28 U.S.C. § 1404 gives district courts authority to transfer any civil action to any district in which it could have been brought originally for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  "Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue."  England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988).

In deciding whether a transfer is proper, the court

"must engage in an individualized, case-by-case consideration of convenience and fairness." McGlathery v. Corizon, Inc., 2012 WL 1080789, at *1 (M.D. Ala. 2012) (Thompson, J.) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (internal quotation marks omitted).  The court conducts this inquiry in two steps. First, it determines whether the case could "originally have been brought in the proposed transferee district court."  Id. at *1.  Next, it "must decide whether the balance of convenience favors transfer."  Id.  As to the second step, several relevant factors include

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th

Cir. 2005).

Page could have originally brought this case in the Northern District. "A civil action may be brought in ... a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or a district in which] a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). All defendants are residents of the State of Alabama; all but one of the individual defendants reside in the Northern District; and the university is also located there. In addition, substantial events giving rise to Page's claims occurred in the Northern District, including faculty and staff communications related to her dismissal, a meeting to discuss Page's performance, and the convocation of the advisory committee hearing panel that will review Page's dismissal.

The court must therefore turn to the balance of the

Manuel factors to determine whether transfer is appropriate. Because the parties do not rely on--and have not provided evidence related to--the "relative means of the parties," or either "forum's familiarity with the governing law," Manuel, 430 F.3d at 1135, the court will consider only the remaining factors.

The defendants rely on the fact that located in the Northern District is the "locus of operative facts" relevant to the merits of Page's claims. The core of Page's complaint consists of the federal claims that the university and its officials failed to provide constitutionally adequate due process prior to dismissing her, and the state claims that they acted negligently in doing so; the locus of operative facts for these claims undoubtedly lies within the Northern District, where the administrators who decided her fate made their decisions and where an ongoing hearing panel has been convened to review the dismissal.[1] As such, this factor weighs

---

1. Admittedly, the locus of operative facts concerning Page's state-law claim of negligence against one of the individual defendants, Todd Hicks (her

5

heavily in favor of transfer.

The defendants also suggest that the location of witnesses supports transfer.  Prior to removal Page subpoenaed for testimony at a state-court hearing three witnesses in addition to the individual defendants: each witness is a university official or instructor who is employed within the Northern District.  <u>See</u> State Court Record (doc. no. 1-5) at 27-34.  Although not defendants in this case, employees of a party are considered party witnesses for the purposes of the venue transfer analysis and therefore given less weight.  <u>See</u> <u>Weintraub v. Advanced Corr. Healthcare, Inc.</u>, 161 F. Supp. 3d 1272, 1280 (N.D. Ga. 2015) (Totenberg, J.) ("The convenience of a certain venue for party witnesses is given less weight because party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different

---

clinical supervisor), appears to be within the Middle District of Alabama, where he is employed. But the locus of each of Page's four other claims concerns the actions of the university or its officials within the geographic area of the Northern District.

forum, while there is no such presumption as to a non-party witness." (internal quotation marks, citation and alterations omitted)). Nonetheless, the location of these university staff indicates that the most significant witnesses and the locus of operative facts are located in the Northern District. The apparent materiality and significance of these witnesses, as reflected by Page's own planned reliance on them in state court, weighs in favor of transfer.

The convenience of non-party witnesses--the most important factor in the venue analysis--weighs only slightly in favor of transfer. The defendants identify several non-party witnesses, members of the university hearing panel convened to review the appeal of Page's recommended dismissal, who are located in the Northern District.[2] These witnesses are likely to provide relevant

---

2. A hearing panel for academic misconduct is to be comprised of three faculty and two student members. <u>See</u> University of Alabama at Birmingham School of Nursing 2016-2017 Student Handbook (doc. no. 1-4) at 33. For the purposes of this motion, it appears the two student members would be considered non-party witnesses.

7

testimony about the adequacy of the procedures employed by the defendants leading up to Page's dismissal. In an effort to oppose transfer, Page identifies 15 Certified Registered Nurse Anesthetists ("CNRAs") with whom she worked during her clinical rotation at Baptist South Medical Hospital, which is located within the Middle District's geographic area. However, while Page indicates that she worked with each during her rotation, she has not explained how their testimony would be relevant or material to this case, which centers not around the adequacy of her performance during the rotation but rather the adequacy of procedures provided by the university and its officials. The mere recitation of a large number of employees in a relevant group "does not, on the basis of that fact alone, necessarily mean that all of them are likely trial witnesses with material and reasonably nonduplicative knowledge." Carroll v. Texas Instruments, Inc., 910 F. Supp. 2d 1331, 1337 (M.D. Ala. 2012) (Thompson, J.). Because the court should "consider the content of the witnesses' testimony in

determining whether [the convenience of the witnesses] weighs in favor of transfer," Frederick v. Advanced Financial Solutions, Inc., 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007) (Schell, J.), the critical factor of non-party witnesses, although close, supports transfer.[3]

The convenience of parties, although given less weight than the factors discussed previously, weighs heavily in favor of transfer. Two of the three individual defendants reside in the Northern District, as does Page, and the university is located there. The parties' location also confirms that the locus of operative facts resides in the Northern District.

Page also contends that deference is due to her forum choice. However, less deference is due here because the locus of operative facts occurred outside this district. "[W]here the operative facts underlying the cause of

---

3. To the extent that the testimony of any non-party Baptist South CNRA witness is relevant, that witness would appear to fall within the subpoena power of the Northern District because Baptist South is less than 100 miles from that court. See Fed. R. Civ. P. 45(c)(1)(A).

9

action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration." Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d 1259, 1267 (S.D. Fla. 2013) (Marra, J.); accord Internap Corp. v. Noction Inc., 114 F. Supp. 3d 1336, 1342 (N.D. Ga. 2015) (Totenberg, J.) ("[M]ultiple district courts within the Eleventh Circuit have found, and this Court agrees, that Plaintiff's choice of forum should be entitled to less weight where the locus of operative facts is outside of the chosen forum."). The fact that Page does not herself reside in this district also makes her forum choice deserving of less deference. See Patel v. Howard Johnson Franchise Sys., Inc., 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (DeMent, J.).

Page also contends that the location of documents disfavors transfer. Although some documents related to her clinical performance are located within this district, documents relevant to the university's procedures and decision-making appear to be located in the Northern District. Accordingly, this factor is, at

10

best, neutral. In any event, the location of documents deserves little weight in light of electronic discovery and transmission methods. Carroll, 910 F. Supp. 2d at 1339.

Finally, the interests of justice and the public interest weigh in favor of the case being heard in the Northern District, where the university is located and where the most relevant events occurred. As the Supreme Court has said, "There is a local interest in having localized controversies decided at home." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947); see also Piper Aircraft v. Reyno, 454 U.S. 235, 260 (1981).

Based on these facts, a transfer of venue is warranted.

***

Accordingly, it is the ORDER, JUDGMENT, AND DECREE of the court that the motion to transfer (doc. no. 7) filed by defendants Todd L. Hicks, Susan P. McMullan, Peter M. Tofani, and the University of Alabama at Birmingham is granted and this lawsuit is transferred in

its entirety to the United States District Court for the Northern District of Alabama.

All other pending motions remain for resolution by the transferee court.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 9th day of December, 2016.

                     /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE